This is an action by the heirs of N.W. Ray to recover land. The defendants filed an answer in which they allege that the deed to N.W. Ray under which the plaintiffs claim was executed as a security for a debt of $25, and they tender that sum, with interest from the date of the deed.
The jury returned the following verdict:
1. Did N.W. Ray acquire title to the said lands described in the complaint as security for an indebtedness of Eason to him? Answer: "Yes."
2. Are the plaintiffs the owners in fee simple of the land described in the complaint, and entitled to the immediate possession thereof? Answer: "No."
3. Is the defendant in the unlawful possession of the said land? Answer: "No."
4. What damages, if any, are plaintiffs entitled to recover of the defendants? Answer: __________.
(338) 5. Were Eason and Beady Ann Bowling married at the date of the deed from Beady Ann Bolling to N.W. Ray? Answer: "No."
6. Had Guthrie conveyed to Jackson Williams a described 90 acres of land before his execution of the conveyance to Ray? Answer: "No."
7. Had Guthrie conveyed to Beady A. Bolling a described 197 acres of the lands before his execution of the conveyance to Ray? Answer: "Yes." *Page 387 
8. Had Guthrie conveyed to Hector Williams a described 71 acres of the lands before his execution of the conveyance to Ray? Answer: "Yes."
The defendants tendered a judgment declaring that the plaintiffs are not the owners of the land in controversy and that the defendants are not in the unlawful possession thereof, which his Honor refused to sign, and the defendants excepted.
His Honor rendered judgment declaring the defendant Eason to be the owner of the land, and subjecting it to a charge of $125 in favor of the executrix of N.W. Ray, which amount he finds to be due on the purchase money, and the defendants excepted and appealed.
The jury has found that the deed executed to N.W. Ray was a security for a debt, but there is neither a finding by the jury nor an admission by the defendants that the amount of the debt is $125. Nor do we find in the record any evidence that this was the amount due, and the defendants have not consented that his Honor might find the fact or waive their right to a trial by jury.
It follows, therefore, that there was no authority in the judge presiding to find the amount of the indebtedness due to the estate of Ray, and for this reason the judgment must be reversed, with directions to make the executrix of N.W. Ray a party plaintiff, and to submit an additional issue to determine the amount of the indebtedness to be secured by the deed to Ray.
 Error. (339)